**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **NO. 4:24-CR-00149-SDJ-BD-2** |
| | § | |
| **JAVIER ALBORNOZ GUTIERREZ** | § | |

**REPORT AND RECOMMENDATION**
**ON DEFENDANT'S COMPETENCY TO STAND TRIAL**

This matter is before me under 28 U.S.C. § 636(b) and the local rules of this court.

On March 30, 2026, the defendant's counsel requested a psychiatric or psychological exam to determine if the defendant was suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Dkt. 65; *see* 18 U.S.C. § 4241. The court granted that motion. Dkt. 66. The defendant was subsequently evaluated by licensed psychologist Lisa Bellah in Fort Worth, Texas. Her sealed report concludes that Mr. Albornoz Gutierrez is competent. Dkt. 79.

The court held a competency hearing on July 24, 2026. At the hearing, the defendant appeared in court with his counsel, Michelle Allen-McCoy, who did not present any objections to the competency report. Neither party objected to the report's admissibility.

The court concludes that the defendant is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense. He has a rational and factual understanding of the proceedings against him and has sufficient present ability to consult with his attorney with a reasonable degree of rational understanding. *See Dusky v. United States*, 362 U.S. 402, 402 (1960).

## RECOMMENDATION

It is **RECOMMENDED** that the court (1) find the defendant competent to stand trial and (2) exclude from the defendant's speedy-trial time the period from March 30, 2026 (the day the motion requesting an exam was filed), to the day on which this report and recommendation is adopted.

## OBJECTIONS

Under 28 U.S.C. § 636(b)(1)(c), any party has the right to file objections to this report and recommendation. Objections must: (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within 14 days after service of this report and recommendation. A party who objects to this report is entitled to a de novo determination by the United States District Judge of those proposed findings and recommendations to which a specific objection was timely made. *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report within 14 days of being served with a copy of this report bars that party from: (1) entitlement to de novo review by the United States District Judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988); and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, at 1428–29 (5th Cir. 1996) (en banc).

So **ORDERED** and **SIGNED** this 29th day of July, 2026.

Bill Davis
United States Magistrate Judge